IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Dimitrious Pierre David, # 58431-004,<br>*aka* Corey Tyrone Shinhoster,<br><br>      Petitioner,<br><br> vs.<br><br>Warden Travis Bragg, *FCI-Bennettsville*,<br><br>      Respondent.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 6:15-2109-HMH-KFM

**REPORT OF MAGISTRATE JUDGE**

    The petitioner is a federal inmate at FCI-Bennettsville.  The petitioner was originally convicted under the name Corey Tyrone Shinhoster.  He is serving a five-year sentence imposed for violation of supervised release.  In an order filed on April 8, 2013, the United States District Court for the Middle District of Florida revoked the petitioner's supervised release and sentenced him to thirty-six months of imprisonment in Case No. 3:12-CR-00154-MMH-TEM-1 (M.D. Fla.).  The revocation of the petitioner's supervised release was entered by the Honorable Marcia Morales Howard, United States District Judge.  The docket sheet in Case No. 3:12-CR-00154-MMH-TEM-1 (M.D. Fla.), which is available on PACER, indicates that neither the petitioner nor his court-appointed attorney, Vanessa Newtson, filed an appeal from the judgment.

    In the above-captioned case, the petitioner has submitted a Section 2241 petition on the Section 2241 form promulgated by the Administrative Office of United States Courts.  In the petitioner's answers on pages 2 through 6 of the petition, the petitioner indicates that he had not filed any appeal or Section 2255 action with respect to the issues raised in the above-captioned case (doc. 1 at 2–6).  The petitioner advances one (1) ground

in the Section 2241 petition: "Pursuant to §2241(C)(2), the Petitioner's term of supervised release exceeds the maximum term authorized under 18 USC §3583(b)(2), (h), 21 USC §963, §962, §846 and §841." (*id.* at 6). The petitioner also alleges or contends: (1) the petitioner was indicted for engaging or participating in a conspiracy to import and distribute cocaine, although the indictment did not "make a specific threshold drug quantity attribution" (*id.* at 7); (2) the petitioner was convicted in a jury trial and was sentenced to one hundred twelve months in prison and five years of supervised release (*id.*); (3) the district court in Florida "was without jurisdiction to impose 5 years of supervised release for the Class C crimes (*id.*); (4) the statutory sentencing range supporting the jury's determination "range from a period of no incarceration to a maximum of twenty years" (*id.*) (5) the district court in Florida improperly sentenced the petitioner to a current term of supervised release based on a "statutorily enhanced" penalty, which was not indicted or determined by a jury (*id.* at 7–8); (6) the appropriate term of supervised release should not have exceeded three years (*id.* at 8); (7) on April 8, 2013, the petitioner was charged with violating the terms of his supervised release and was sentenced to thirty-six months in prison (*id.*); (8) the petitioner "asks this court to vacate his revocation sentence on the basis that it [*sic*] lacked jurisdiction to impose a 5 year term of supervised release because it exceeded the maximum allowed under the statute" (*id.*); and (9) the petitioner "served three years, eleven months, and ten days before the revocation" (*id.*).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion for leave to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); and *Cruz*

2

*v. Beto*, 405 U.S. 319 (1972).  Even under this less stringent standard, the Section 2241 petition is subject to summary dismissal.

As earlier stated, the docket sheet in Case No. 3:12-CR-00154-MMH-TEM-1 (M.D. Fla.), which is available on PACER, indicates that neither the petitioner nor his court-appointed attorney, Vanessa Newtson, filed an appeal from the judgment.  It is well-settled that a federal prisoner whose supervised release has been revoked has the right to file an appeal.  See, e.g., *United States v. Wynn*, ___ F.3d ___, 2015 WL 2387337, at *2 (4th Cir. May 20, 2015); and *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006).  The aforementioned Fourth Circuit cases are consistent with case law in the Eleventh Circuit. *See United States v. Reese*, 775 F.3d 1327, 1328 (11th Cir. 2015) ("The district court revoked Marvin Reese's supervised release and sentenced him to 46 months imprisonment because it found that he had committed a new felony controlled substance offense, had possessed a controlled substance, and had used a controlled substance.  Reese appeals the district court's judgment.").

Section 2241 is not available to federal prisoners seeking to challenge revocation of supervised release because Section 2255 is an available and effective remedy to challenge the revocation of supervised release.  *See Lerma-Duenas v. Atkinson*, Civil Action No. 0:13-cv-01076-RBH, 2013 WL 5596913, at *3 (D.S.C. Oct. 11, 2013) (collecting cases holding that a challenge to revocation of supervised release must be brought in the sentencing court under 28 U.S.C. § 2255), which cites *Milnes v. Samples*, No. 88-7584, 1988 WL 105445, at *3 (4th Cir. Sept. 22, 1988).

The petitioner does not satisfy the three-part test to bring a Section 2241 action raising Section 2255 claims.  *See In Re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Under the holding of *In Re Jones*, § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct

3

appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. The petitioner cannot utilize the savings clause because the United States Court of Appeals for the Fourth Circuit has held that the savings clause does not apply to sentences.  *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2010) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.").

Accordingly, it is recommended that the Section 2241 petition be dismissed *without prejudice* and without requiring the respondent to file an Answer or return.  *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").   It is also recommended that the District Court deny a Certificate of Appealability.  The petitioner's attention is directed to the important notice on the next page.


May 29, 2015
Greenville, South Carolina

s/Kevin McDonald
Kevin F. McDonald
United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).